**EXHIBIT B**

**<u>BIDDING PROCEDURES ORDER</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| U.S. ENERGY SYSTEMS, INC., *et al.*, | Case No. 08-10054 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## ORDER (A) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE US. ENERGY BIOGAS CORP. DEBTORS AND DEBTORS-IN-POSSESSION; (B) APPROVING BIDDING AND AUCTION PROCEDURES; (C) APPROVING BID PROTECTION TO THE STALKING HORSE BIDDER; (D) SETTING A DATE AND TIME FOR A HEARING TO APPROVE THE SALE RESULTING FROM AUCTION; (E) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS AND (F) APPROVING THE TERMINATION OF CERTAIN OF THE NON-DEBTOR SUBSIDIARIES

Upon consideration of the motion (the "Motion"),[2] dated January __, 2009 of U.S.

Energy Biogas Corp. ("USEB"), Biogas Financial Corp., Power Generation (Suffolk), Inc.,

Resources Generating Systems, Inc., Suffolk Biogas, Inc., USEB Assignee, LLC, ZFC Energy,

Inc., ZMG Inc., and Oceanside Energy, Inc. (collectively, the "USEB Debtors"), each a debtor

and debtor-in-possession in the above-captioned cases, for entry of an order (A) authorizing and

scheduling an auction for the sale of the assets (the "Biogas Assets") of the USEB Debtors, (B)

approving bidding and auction procedures, (C) approving bid protection to Silver Point Finance,

LLC ("Silver Point") in its capacity as Stalking Horse Bidder, (D) setting a date and time for a

hearing to approve the sale resulting from the auction, and (E) approving the termination of

certain of the Non-Debtor Subsidiaries, all as more fully set forth in the Motion; and the Court

---

[1] The other Debtors are the following: U.S. Energy Overseas Investments, LLC and GBGH, LLC, U.S. Energy Biogas Corp., Biogas Financial Corp., Power Generation (Suffolk), Inc., Resources Generating Systems, Inc., Suffolk Biogas, Inc., USEB Assignee, LLC, ZFC Energy, Inc., ZMG Inc., and Oceanside Energy, Inc.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

finding that: (i) it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York dated July 10, 1984 (Ward, Acting C.J.); (ii) consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue of the Motion and the USEB Debtors' chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) due and proper notice of the Motion having been provided to the Office of the United States Trustee for the Southern District of New York, the attorneys for the administrative agent for the USEB Debtors' prepetition secured lenders, the USEB Debtors' known unsecured creditors, and all parties having filed in these cases a notice of appearance or a request for notices pursuant to Bankruptcy Rule 2002; and (v) no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the USEB Debtors, their estates, creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

1.     The USEB Debtors have demonstrated a compelling and sound business justification for the Bidding Procedures, including the Break-Up Fee, and for entering into the Asset Purchase Agreement with Silver Point.

2.     The Break-Up Fee is the result of extensive arm's-length good faith negotiations between USEB, Silver Point and their respective counsel and advisors.

3.     The Break-Up Fee is reasonable in relation to the benefit to the USEB Debtors and their respective estates, will facilitate the USEB Debtors' receipt of competitive bids and results in substantial benefit to the USEB Debtors and their respective estates.  In addition, the Break-Up Fee reasonably compensates Silver Point for the time and expense incurred by Silver Point in connection with the Asset Purchase Agreement and the transactions contemplated therein (including with respect to potential business and investment opportunities) and the value added by Silver Point in establishing a minimum bid or standard for other bidders and serving as a catalyst for the submission of other potential or actual bids at the Auction.

4.     The Bidding Procedures substantially in the form set forth in the Motion are fair, reasonable, and appropriate and are designed to maximize the recovery from any sale (the "Sale") of the Biogas Assets.  The Bidding Procedures were negotiated in good faith between the USEB Debtors and Silver Point.

5.     The USEB Debtors' proposed notice of the Bidding Procedures, the Auction and the hearing to approve any sale of the Biogas Assets is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

6.     The termination of the Non-Debtor Subsidiaries as set forth in the Motion will facilitate the sale of the Biogas Assets and is a proper exercise of the USEB Debtors' business judgment.

7.     Entry of this Order is in the best interests of the USEB Debtors and their respective estates and creditors, and all other parties in interest.

8.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

9.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      All objections to the relief requested in the Motion with respect to the Bidding Procedures and the proposed procedures for noticing and determining cure amounts that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

3.      The Bidding Procedures, including the Break-Up Fee and the termination of the Non-Debtor Subsidiaries, as described in the Motion, are hereby approved.

4.      The Bidding Procedures shall govern all procedures and proceedings relating to the Auction and by and among the USEB Debtors and Silver Point, and the submission, consideration, negotiation and acceptance of alternate sale proposals.

5.      The USEB Debtors (or their agents) shall serve a copy of the Auction and Sale Hearing Notice and the Cure Notice within two (2) business days after the entry of this Order via United States Postal Service, First Class mail, postage prepaid delivery, to (i) the Office of the Untied States Trustee for the Southern District of New York, (ii) all parties that the USEB Debtors and their professionals have identified that are likely to have an interest in submitting competing bids, (iii) all parties that have filed a notice of appearance or a request for notices pursuant to Bankruptcy Rule 2002, (iv) the USEB Debtors' known unsecured creditors, (v) all

counterparties to the contracts and leases that the USEB Debtors propose to assume and assign to the Successful Bidder, and (vi) the attorneys for administrative agent for the USEB Debtors' prepetition secured lenders. The Auction and Sale Hearing Notice substantially in the form annexed as **Exhibit C** to the Motion is approved.

6. Within five (5) days after the entry of this Order, the USEB Debtors (or their agents) shall cause the Publication Notice to be published on one occasion in the national edition of The Wall Street Journal. The Publication Notice substantially in the form annexed as **Exhibit D** to the Motion is approved.

7. The Cure Notice substantially in the form annexed as **Exhibit E** to the Motion is approved.

8. The Bid Deadline shall be _____ \_\_, 2009 at 12:00 p.m. (prevailing Eastern Time).

9. In accordance with the Bidding Procedures, in the event an Auction is conducted, the Auction will be held on _____ \_\_, \_\_\_ at the offices of Hunton & Williams LLP, 200 Park Avenue, New York, New York 10166 at 10:00 a.m. (prevailing Eastern Time).

10. All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of the Court with respect to all maters related to the Auction and the terms and conditions of the transfer of the Biogas Assets.

11. In accordance with the Bidding Procedures, whether a bidder meets the requirements to become a Qualified Bidder shall be determined by the USEB Debtors in their sole discretion.

12. Sections 6.6, 10.1 and 10.2 of the Agreement are hereby approved in their entirety and are binding upon the USEB Debtors and their respective estates. Accordingly, the USEB

Debtors are authorized and directed to pay the Break-Up Fee as and when earned under the Agreement.

13.     The Break-Up Fee (if earned pursuant to the Agreement), until paid, will constitute a superpriority administrative claim having priority over any and all administrative expenses of the kind specified in sections 503(b), 507(a)(1), and 507(b) of the Bankruptcy Code, junior only to the claims of Silver Point Finance in connection with the USEB Debtors' use of cash collateral pursuant to the cash collateral order entered by this Court with respect to the USEB Debtors.

14.     Silver Point is authorized to make one or more bids at the Auction equal to (i) 100% of the Purchase Price (as defined in the Bid Procedures), plus (ii) the Break-Up Fee, plus (iii) any additional amounts in the form of cash, or the assumption or release of additional USEO Indebtedness.

15.     A hearing (the "Sale Hearing") will be held before the Honorable Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on ___ __, 2009 at 10:00 a.m. (prevailing Eastern Time) to consider authorization and approval of the Sale of the Biogas Assets to Silver Point or the Successful Bidder other than Silver Point, as the case may be.

16.     Responses or objections ("Sale Objections"), if any, to the relief considered at the Sale Hearing must (i) be in writing, (ii) set forth with particularity the basis for the response or objection, (iii) be filed with the Clerk of the Bankruptcy Court (with a courtesy copy delivered directly to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge) and (iv) be served on (a) Hunton & Williams LLP, 200 Park Avenue, New York, New York 10066-

0091 (Attn: Peter S. Partee, Esq. and Scott H. Bernstein, Esq.), attorneys for the USEB Debtors; (b) Skadden, Arps, Slate, Meagher & Flom LLP, 333 W. Wacker Drive, #2100, Chicago, Illinois 60606 (Attn. L. Byron Vance, III, Esq.), attorneys for Silver Point Finance LLC; and (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Richard C. Morrissey, Esq.) (collectively, the "Objection Notice Parties"), so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on _____ __, 2009 (the "Objection Deadline").

17.     Sale Objections that are not timely filed with the Clerk of Court and served by the Objection Deadline on the Objection Notice Parties shall not be heard at the Sale Hearing.

18.     The Auction and the Sale Hearing may be adjourned from time to time without further notice to creditors, equity security holders or parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Auction and the Sale Hearing or any adjourned date thereof.

19.     Compliance with notice and publication requirement set forth herein shall constitute good and sufficient notice of the Bidding Procedures, the Auction, the Sale Hearing and no other or further notice of the Bidding Procedures, the Auction, or the Sale Hearing shall be necessary or required.

20.     Objections to the (i) proposed Cure Amounts, and the (ii) the proposed assumption and assignment of executory contracts and unexpired leases (the "Assumed and Assigned Agreements"), including but not limited to objections related to the adequate assurance of future performance, must be in writing and filed with this Court and served upon the Objection Notice Parties by the Objection Deadline; provided, however, that in the event that the Auction results in a Successful Bidder other than the Stalking Horse Bidder, the deadline for

filing and serving an objection to the assumption and assignment of the Assumed and Assigned Agreements to such a Successful Bidder shall be the commencement of the Sale Hearing.

21.     Unless an objection to an Assumed and Assigned Agreement is timely filed and served before the Objection Deadline, all counterparties to the Assumed and Assigned Agreements shall (i) be forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts with respect to the Assumed and Assigned Agreements, and the USEB Debtors and the Successful Bidder shall be entitled to reply solely upon the proposed Cure Amounts set forth in the Cure Notices; (ii) be deemed to have consented to the assumption and assignment; and (iii) be forever barred and estopped from asserting or claiming against the USEB Debtors or the Successful Bidder that any additional amounts are due and or other defaults exist, that conditions to assignment must be satisfied under such Assumed and Assigned Agreements or that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Agreements.

22.     When a nondebtor counterparty to an Assumed and Assigned Agreement files an objection asserting a cure amount higher than the proposed Cure Amounts (the "Disputed Cure Amount"), then (a) to the extent that the parties are able to consensually resolve the Disputed Cure Amount prior to the Sale Hearing, and subject to the consent of the Successful Bidder of such a consensual resolution, the USEB Debtors shall promptly provide the Successful Bidder notice and opportunity to object to such proposed resolution, or (b) to the extent the parties are unable to consensually resolve the dispute prior to the Sale Hearing, then such objection shall be heard at the Sale Hearing or therafter.  Pending a ruling on such an objection, if not made at the Sale Hearing, the amount necessary will be reserved and paid upon a final Court order

determining the correct cure amount and as provided in the Asset Purchase Agreement or the Agreement with a Successful Bidder that is not the Stalking Horse Bidder.

23.     The USEB Debtors are authorized and empowered to take or perform such actions and expend such funds as may be necessary to effectuate the terms of this Order.

24.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for ten (10) days after the entry hereof and this Order shall be effective and enforceable immediately upon signature hereof.  The requirement of Bankruptcy Rule 6006(f)(6) is waived.

25.     To the extent this Order is inconsistent with the Motion, the terms of the Order shall control.

26.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated:  New York, New York
        _____ __, 2009

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE