UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| U.S. ENERGY SYSTEMS, INC., *et al.*, | ) Case No. 08-10054 (RDD) |
| Debtors.[1] | ) (Jointly Administered) |

**ORDER (I) AUTHORIZING THE PRIVATE SALE OF U.S. ENERGY SYSTEMS, INC.'S INTEREST IN ZFC ROYALTY PARTNERS, A CONNECTICUT LIMITED PARTNERSHIP AND A GENERAL RELEASE OF SILVER POINT FINANCE, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (II) APPROVING THE TERMS OF THE SALE AGREEMENT, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE POLLUTION LEGAL LIABILITY POLICY WITH AIG ENVIRONMENTAL AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of Debtor U.S. Energy Systems, Inc. ("USEY") for entry of an order, pursuant to sections 105(a), 363 and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the private sale of its interest (the "ZFC Interest") in ZFC Royalty Partners, a Connecticut limited partnership ("ZFC Partners") and a general release of Silver Point (the "Release," and with the ZFC Interests, the "USEY Sale Assets") free and clear of all liens, claims, encumbrances and interests, (ii) approving the terms of the letter agreement dated January 23, 2009 (the "Sale Agreement") between USEY and Silver Point, (iii) authorizing the assumption and the assignment of the Pollution Legal Liability Policy, policy number 1423078 (as reformed pursuant to that certain Endorsement Number 8, effective March 1, 2005, the

---

[1] The other Debtors are U.S. Energy Overseas Investments, LLC, GBGH, LLC, U.S. Energy Biogas Corp., Biogas Financial Corp., Power Generation (Suffolk), Inc., Resources Generating Systems, Inc., Suffolk Biogas, Inc., USEB Assignee, LLC, ZFC Energy, Inc., ZMG Inc., and Oceanside Energy, Inc.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

"Policy"), by and between USEY and American International Specialty Lines Insurance Company ("AIG Environmental") to Silver Point, and (iv) granting related relief; and the Court finding that: (a) it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York dated July 10, 1984 (Ward, Acting C.J.), (b) consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of the Motion and USEY's chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (d) due and proper notice of the Motion having been provided to the Office of the United States Trustee for the Southern District of New York, the attorneys for the administrative agents for the Debtors' prepetition secured lenders, USEY's known unsecured creditors, AIG Environmental, and all parties having filed in the Debtors' chapter 11 cases a notice of appearance or a request for notices pursuant to Bankruptcy Rule 2002, and (e) no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of USEY, its estate, creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS AND DETERMINES THAT**:[3]

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

A. USEY has demonstrated a compelling and sound business justification for entering into the Sale Agreement with Silver Point, and the consummation of the private sale of the USEY Sale Assets to Silver Point is in the best interests of the USEY, its estate, its creditors, and all parties in interest;

B. USEY has demonstrated that it is an exercise of its sound business judgment to assume and assign and sell the Policy to Silver Point or its designee in connection with the consummation of the sale of the USEY Sale Assets, and the assumption, assignment, and sale of the Policy is in the best interests of USEY, its estate, its creditors, and all parties in interest;

C. USEY has all requisite power and authority to execute, deliver and perform its obligations under the Sale Agreement, and the Sale Agreement constitutes the legal, valid and binding obligation of USEY;

D. The Sale Agreement was negotiated and proposed, and has been entered into by parties in good faith from arm's-length bargaining positions and without collusion. Silver Point is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither Silver Point nor USEY has engaged in any conduct that would cause or permit the Sale Agreement, or the sale of the USEY Sale Assets to Silver Point to be avoided under section 363(n) of the Bankruptcy Code;

E. The release and discharge substantially in the form of Exhibit 2 to the Motion constitutes a good faith compromise and settlement of the matters covered therein. Such compromises and settlement are made in exchange for consideration and are in the best interests of the parties thereto, are within the range of possible litigation outcomes, are fair, equitable and reasonable and integral elements of the sale of the USEY Sale Assets to Silver Point. Each of the discharge, release, indemnification and exculpation provisions set forth in Exhibit 2 to the

Motion: (i) falls within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), (b) and (d); (ii) is an essential element of implementing the sale of the USEY Sale Assets to Silver Point; (iii) is an integral element of the Sale Agreement; and (iv) is consistent with applicable provisions of the Bankruptcy Code;

F. USEY has not defaulted, monetarily or otherwise, under the Policy. Silver Point has provided adequate assurance of its future performance of and under the Policy within the meaning of section 365(b)(1)(C) of the Bankruptcy Code;

G. The consideration provided by Silver Point to USEY for the USEY Sale Assets and the assumption and assignment of the Policy pursuant to the Sale Agreement is fair and reasonable and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession;

H. USEY is authorized to sell the USEY Sale Assets free and clear of all Encumbrances because one or more standards set forth in Bankruptcy Code section 363(f)(1)-(5) have been satisfied. Those holders of Encumbrances who did not object to the Motion and the relief requested therein are deemed to have consented to the sale pursuant to Bankruptcy Code section 363(f)(2); and

I. The transfer of the USEY Sale Assets to Silver Point will be a legal, valid and effective transfer of the USEY Sale Assets, and will vest Silver Point with all right, title and interest of USEY to the USEY Sale Assets free and clear of all Encumbrances.

**THE COURT HEREBY ORDERS THAT:**

1. The relief requested in the Motion is granted. All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits with prejudice.

2. Pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019, USEY is hereby authorized to (i) conduct a private sale of the USEY Sale Assets to Silver Point, (ii) enter into the Sale Agreement and (iii) sell, transfer and convey the USEY Sale Assets to Silver Point, effective only as of the Closing (as defined in the Asset Purchase Agreement).

3. The Sale Agreement is approved in all respects and shall apply with respect to the sale of the USEY Sale Assets and the assumption and assignment of the Policy to Silver Point.

4. The consideration provided by Silver Point for the USEY Sale Assets and the assumption and assignment of the Policy under the Sale Agreement is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, is otherwise the highest and best offer for the USEY Sale Assets received by USEY, and the sale of the USEY Sale Assets may not be avoided, or costs or damages imposed or awarded, under Bankruptcy Code section 363(n) or any other provision of the Bankruptcy Code.

5. The sale transactions contemplated by the Sale Agreement are undertaken by Silver Point in good faith, Silver Point is a buyer in good faith of the USEY Sale Assets as the term is used in section 363(m) of the Bankruptcy Code, and Silver Point is entitled to all of the protections afforded by Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale pursuant to the Sale Agreement shall not affect the validity of such sale (including the assumption, assignment and sale of the Policy to Silver Point), unless such authorization is duly stayed pending appeal.

6. Pursuant to Bankruptcy Code section 363(b), USEY is authorized and directed to take any and all actions necessary or appropriate to implement and effectuate the terms of the Sale Agreement, effective only as of the Closing (as defined in the Asset Purchase Agreement).

7. Pursuant to Bankruptcy Code sections 363(b) and 363(f), upon the Closing Date (as defined in the Asset Purchase Agreement), the USEY Sale Assets shall be transferred to Silver Point free and clear of all Encumbrances, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of USEY's bankruptcy case, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under doctrines of successor liability (collectively, the "Interests or Claims"), with all such Interests or Claims in the Encumbrances or the USEY Sale Assets to attach to the cash proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the USEY Sale Assets, subject to any claims and defenses that USEY may possess with respect thereto. Following the Closing Date (as defined in the Asset Purchase Agreement), no holder of any Interests or Claims in the Encumbrances or USEY Sale Assets shall interfere with Silver Point's use and enjoyment of the USEY Sale Assets based on or related to such Interests or Claims in the Encumbrances, or any actions that USEY may take in its chapter 11 case and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Sale Agreement or this Order.

8. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, USEY is hereby authorized to assume, assign and sell the Policy to Silver Point or its designee, effective only as of the Closing (as defined in the Asset Purchase Agreement).

9. The Policy, upon assignment and sale to Silver Point or its designee, shall be deemed valid and binding, in full force and effect in accordance with its terms. Effective only as of the Closing (as defined in the Asset Purchase Agreement), Silver Point or its designee, shall be fully and irrevocably vested in all rights, title and interest of USEY in, to and under, the Policy.

10. AIG Environmental, as counter-party to the Policy, is hereby forever barred, estopped and permanently enjoined from asserting against Silver Point any default, additional amount or other claims existing as of the date of the Closing (as defined in the Asset Purchase Agreement) relating to the Policy whether declared or undeclared or known or unknown, and AIG Environmental is also forever barred, estopped and permanently enjoined from asserting against Silver Point any counterclaim, defense or setoff, or any claim or interest, asserted or assertable against USEY related to the Policy.

11. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for ten (10) days after the entry hereof and this Order shall be effective and enforceable immediately upon signature hereof.

12. To the extent this Order is inconsistent with the Motion, the terms of the Order shall control.

13. This Order, the Sale Agreement and the Release shall be binding upon USEY, all creditors of USEY, all equity security holders of USEY, and any trustee appointed in this

proceeding or any trustee appointed in any subsequent proceeding under chapter 7 or chapter 11 of the Bankruptcy Code involving USEY, and all other parties in interest.

14. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale Agreement, the USEY Sale Assets, the Policy or this Order.

Dated: New York, New York
　　　　March 13, 2009

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE