UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| U.S. ENERGY SYSTEMS, INC., *et al.*, | ) | Case No. 08-10054 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING
THE FIRST AMENDED CHAPTER 11 PLAN OF U.S. ENERGY SYSTEMS, INC.**

## I.    RECITALS

A.    On January 9, 2008 (the "Petition Date"), U.S. Energy Systems, Inc. ("USEY" or the "Debtor"), one of the debtors and debtors-in-possession in the above-captioned cases (together, the "Debtors"), commenced its chapter 11 case (the "Chapter 11 Case") in good faith by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").  USEY has continued to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committee of unsecured creditors, trustee or examiner has been appointed in the Chapter 11 Case.

B.    On July 2, 2010, USEY filed the *Disclosure Statement With Respect to the First Amended Chapter 11 Plan of U.S. Energy Systems, Inc.* [Docket No. 854] (including all exhibits thereto and as amended, the "Disclosure Statement") and the *First Amended Chapter 11 Plan of*

---

[1]    The other Debtors are U.S. Energy Overseas Investments, LLC, U.S. Energy Biogas Corp., Biogas Financial Corp., Power Generation (Suffolk), Inc., Resources Generating Systems, Inc., Suffolk Biogas, Inc., USEB Assignee, LLC, ZFC Energy, Inc., ZMG Inc., and Oceanside Energy, Inc.

*U.S. Energy Systems, Inc*. [Docket No. 854] (including the exhibit thereto, the "Plan").[2]

C.     On August 10, 2010, there being no objections to the Disclosure Statement after due and sufficient notice thereof, and following the Court's review of the Disclosure Statement, the Court cancelled the hearing scheduled for August 13, 2010 and entered an order [Docket No. 891] (the "Disclosure Statement Approval Order") that, among other things, (i) approved the Disclosure Statement as containing adequate information of a kind and in sufficient detail to enable a hypothetical member of Class 3 under the Plan to make an informed judgment whether to accept or reject the Plan, (ii) fixed August 13, 2010 as the record date (the "Voting Record Date") for determining which creditors were entitled to vote to accept or reject the Plan, (iii) fixed 5:00 p.m. (prevailing Eastern Time) on September 24, 2010 as the voting deadline to return completed Ballots to USEY (the "Voting Deadline"), (iv) approved solicitation packages (the "Solicitation Packages") and procedures for distribution thereof, (v) approved the forms of ballots (the "Ballots") and established procedures for voting on the Plan, (vi) scheduled a hearing for October 5, 2010 at 10:00 a.m. (prevailing Eastern Time) to consider confirmation of the Plan (the "Confirmation Hearing"), and (vii) established notice and objection procedures in respect of Confirmation of the Plan, including a form of confirmation hearing notice (the "Confirmation Hearing Notice").

D.     On September 27, 2010, USEY filed the *Declaration of Cassandra Murray of Epiq Bankruptcy Solutions, LLC with Respect to the Methodology for the Tabulation of and Results of Solicitation on the First Amended Chapter 11 Plan of U.S. Energy Systems, Inc.* (the "Murray Declaration") [Docket No. 932], regarding the methodology for the tabulation and the

---

[2]     Capitalized terms used herein, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Plan.

results of the voting with respect to the Class of Impaired General Unsecured Claims entitled to vote to accept or reject the Plan. As evidenced by the Murray Declaration, Ballots were tabulated fairly, in good faith, and in compliance with the Bankruptcy Code, the Bankruptcy Rules (defined below) and the Disclosure Statement Approval Order.

E. On September 27, 2010, USEY filed the *Declaration of Robert A. Rich Certifying the Results of Voting on the First Amended Chapter 11 Plan of U.S. Energy Systems, Inc.* [Docket No. 933] (the "Vote Certification").

F. The Disclosure Statement Approval Order established 5:00 p.m. (prevailing Eastern Time) on September 24, 2010 as the deadline to file and serve objections to Confirmation of the Plan. No objections to Confirmation of the Plan were filed.

G. On September 29, 2010, USEY filed the (i) *Memorandum of Law In Support of Confirmation of the First Amended Chapter 11 Plan of U.S. Energy Systems, Inc.* [Docket No. 936] (the "Memorandum of Law"), and the (ii) *Declaration of Richard J. Augustine in Support of Confirmation of the First Amended Chapter 11 Plan of U.S. Energy Systems, Inc.* [Docket No. 934] (the "Augustine Declaration," and together with the Memorandum of Law, the Vote Certification and the Murray Declaration, the "Confirmation Papers").

H. The Confirmation Hearing was held before this Court on October 5, 2010.

NOW, THEREFORE, this Court having reviewed and considered the Disclosure Statement, the Plan, and the Confirmation Papers; and this Court having heard the statements of counsel and the proffer of evidence in support of Confirmation of the Plan at the Confirmation Hearing; and upon the record of the Confirmation Hearing; and this Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Case; and it appearing to this Court that (i) notice of the Confirmation Hearing was adequate and appropriate as to all parties to be

affected by the Plan and the transactions contemplated thereby and hereby and (ii) the legal and factual bases set forth in the Confirmation Papers and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, this Court hereby makes and issues the following findings of fact and conclusions of law and order (this "Confirmation Order"):[3]

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Jurisdiction, Venue and Other Matters.

1.      Incorporation of the Recitals.    Each of the Recitals shall be, and hereby is, incorporated herein as a Finding of Fact.

2.      Exclusive Jurisdiction; Venue; Core Proceeding.   This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334 and the *Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York* dated July 10, 1984 (Ward, Acting C.J.).   Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).   This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue in the Southern District of New York was proper on the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Judicial Notice.  This Court takes judicial notice of the docket in the Debtors' chapter 11 cases maintained by the Clerk of the Court, including without limitation all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or

---

[3.]      This Confirmation Order constitutes this Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure  Any and all findings of fact shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if stated as findings of fact.

adduced at the hearings held before this Court during the pendency of the Debtors' chapter 11 cases.

4.    <u>Burden of Proof</u>.  USEY, as proponent of the Plan, has met the burden of proving the elements of subsections (a) and (b) of section 1129 of the Bankruptcy Code by a preponderance of the evidence.

5.    <u>Transmittal of Solicitation Packages</u>.  The Solicitation Packages (as defined in the Disclosure Statement Approval Order) were transmitted and served in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, as amended and promulgated under 28 U.S.C. § 2075, and the Local Rules of the Court, as the same may be applicable (collectively, the "<u>Bankruptcy Rules</u>") and the Disclosure Statement Approval Order as evidenced by the Affidavit of Service, dated August 20, 2010 [Docket No. 917] (the "<u>Solicitation Affidavit</u>").  Such transmittal and service of the Solicitation Packages was adequate and sufficient.

6.    <u>Notice of the Confirmation Hearing</u>.  As evidenced by the Solicitation Affidavit, notice of the Confirmation Hearing was mailed to Holders of Claims against USEY, Holders of Interests in USEY and other parties in interest.  As evidenced by the Affidavit of Publication filed with this Court on August 25, 2010 [Docket No. 919] (the "<u>Publication Affidavit</u>"), the Confirmation Hearing Notice was published in the national edition of <u>The Wall Street Journal</u> on August 20, 2010.  Accordingly, adequate and sufficient notice of the Confirmation Hearing and the other deadlines described in the Disclosure Statement Approval Order was given in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Approval Order, and no other or further notice was, is or shall be required.

7.     Votes on the Plan.   Votes for acceptance or rejection of the Plan were solicited in good faith and such solicitation complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and the Disclosure Statement Approval Order.   As evidenced by the Murray Declaration, Ballots were tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Approval Order.

**B.     Compliance with the Applicable Provisions of the Bankruptcy Code.**

8.     The Plan's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).   As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(a)     Proper Classification of Claims and Interests (11 U.S.C. §§ 1122 and 1123(a)(1)).   In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates three Classes of Claims and one Class of Interests. *See* Plan at section 4.1.  The Claims or Interests placed in each Class are substantially similar to the other Claims or Interests, as the case may be, in such Class.  Valid factual and legal reasons exist for separately classifying the various categories of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate against Holders of Claims or Interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(b)     Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).   Article IV of the Plan specifies that each of Class 1 and Class 2 is Unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(c)     Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).   Article IV of the Plan specifies each of Class 3 and Class 4 as Impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(d)     Equal Treatment within Classes (11 U.S.C. § 1123(a)(4)).   Article IV of the Plan provides for the same treatment by USEY for each Claim or Interest in a particular Class unless the Holder of a particular Claim or Interest in such Class has agreed to less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(e)      <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  Article V of the Plan provides adequate and proper means for implementation of the Plan, including but not limited to the appointment of a Plan Administrator to administer the terms of the Plan following substantial consummation of the Plan, to complete the full liquidation and disposal of Assets of USEY and the USEY Estate, and to complete Distributions under the Plan out of the Plan Fund and the Unsecured Distribution Fund.  Other articles of the Plan set forth means for the implementation of the Plan as well, including resolution of disputed, contingent, and unliquidated Claims (Article VI), distributions under the Plan (Article VI), and the continuing jurisdiction over matters arising out of or related to the Chapter 11 Case and the Plan (Article X).  Thus, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

(f)      <u>Prohibition on Issuance of Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6))</u>.  Pursuant to, and in accordance with, Articles IV and V of the Plan, on the Effective Date, all Interests in USEY shall be indefeasibly extinguished and cancelled and the Plan Administrator shall be deemed the sole shareholder, sole director and sole officer of USEY.  The Plan Administrator shall have no power to issue equity securities.  Thus, the requirements of section 1123(a)(6) of the Bankruptcy Code are satisfied.

(g)      <u>Selection of the Initial Plan Administrator (11 U.S.C. § 1123(a)(7))</u>.  The provisions of Article V of the Plan and the Plan Administrator Agreement regarding the manner of selection of the Plan Administrator, who will exercise sole authority of the Debtor after the Effective Date, are consistent with the interests of Creditors and Interest Holders and public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

(h)      <u>Future Income (11 U.S.C. § 1123(a)(8))</u>.  Section 1123(a)(8) of the Bankruptcy Code is not applicable because USEY is a corporation.

9.      <u>USEY's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  USEY has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically, (a) USEY is a proper debtor under section 109 of the Bankruptcy Code and a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code, (b) USEY has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court, and (c) as stated above, USEY has complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, the Bankruptcy Rules and the Disclosure

Statement Approval Order in transmitting the Solicitation Packages and in soliciting and tabulating votes on the Plan.

10. <u>USEY's Compliance with Bankruptcy Rule 3016</u>. The Plan is dated and identifies the Entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Clerk of the Court satisfies Bankruptcy Rule 3016(b).

11. <u>USEY's Compliance with Bankruptcy Rule 3017</u>. USEY has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d) and the Disclosure Statement Approval Order. The transmittal and service of the Solicitation Packages was (i) in compliance with the Disclosure Statement Approval Order and (ii) sufficient under the Bankruptcy Rules and the circumstances surrounding the Chapter 11 Case. Thus, USEY has satisfied the requirements of Bankruptcy Rule 3017.

12. <u>USEY's Compliance with Bankruptcy Rule 3018</u>. The solicitation of votes to accept or reject the Plan solely from Holders of Allowed General Unsecured Claims in the Class entitled to vote to accept or reject the Plan as of the Voting Record Date satisfies Bankruptcy Rule 3018. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Approval Order. Thus, USEY has satisfied the requirements of Bankruptcy Rule 3018.

13. <u>USEY Proposed the Plan in Good Faith (11 U.S.C. § 1129(a)(3))</u>. USEY has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the formulation of the Plan. The Chapter 11 Case was filed and the Plan

was proposed with the legitimate and honest purpose of liquidating the Assets of USEY, winding-down the USEY Estate, and expeditiously making distributions to Creditors in accordance with the distribution priorities of the Bankruptcy Code. USEY and its officers, directors, agents, representatives, attorneys and advisors, through their participation in arm's-length negotiations and preparation of the Plan and related documents, including the Disclosure Statement, have participated in the Chapter 11 Case in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

14.     <u>Bankruptcy Court Approval of Certain Payments as Reasonable (11 U.S.C. § 1129(a)(4))</u>.  The Plan complies with section 1129(a)(4) of the Bankruptcy Code because any payment made or to be made by USEY for services or goods in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by this Court, or is subject to the approval of this Court as reasonable.

15.     <u>Disclosure of Identity of Proposed Plan Administrator, Compensation of Insider and Consistency of Employment of Proposed Plan Administrator with the Interests of Creditors and Interest Holders and Public Policy (11 U.S.C. § 1129(a)(5))</u>.  USEY has complied with section 1129(a)(5) of the Bankruptcy Code because its has disclosed the identity and affiliation of the individual proposed to serve, after Confirmation of the Plan and the occurrence of the Effective Date, as the initial Plan Administrator.  The service of Richard Augustine as the initial Plan Administrator is consistent with the interests of Creditors and Interest Holders and public policy.  USEY has disclosed that there are no current insiders that will be employed or retained by USEY after the Effective Date other than Richard J. Augustine (the current Chief Accounting Officer of USEY) who will serve as the initial Plan Administrator and USEY has disclosed the powers and compensation of the Plan Administrator.

16.     Government Regulatory Control Over Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any changes in rates over which a governmental regulatory commission has jurisdiction.

17.     Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)).   The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis contained in the Disclosure Statement and any other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been successfully challenged or controverted by other evidence, (iii) establish that each Holder of a Claim or Interest in an Impaired Class either (x) has accepted the Plan or (y) will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would have received if USEY was liquidated under chapter 7 of the Bankruptcy Code.

18.     Conclusive Presumption of Acceptance of the Plan by Classes 1 and 2; Acceptance of the Plan by Class 3 (11 U.S.C. § 1129(a)(8)).   As set forth in the Murray Declaration and the Vote Certification, the Holders of General Unsecured Claims in Class 3 (excluding any votes cast by Insiders), which is the sole Class entitled to vote on the Plan, have voted to accept or reject the Plan as follows:

| Impaired Class of Claims | Percentage Accepting (Dollar Amount) | Percentage Accepting (Number of Claims) |
|---|---|---|
| Class 3 | 100% | 100% |

Accordingly, Class 3 has accepted the Plan pursuant to section 1126(c) of the Bankruptcy Code.  Classes 1 and 2 are each Classes of Unimpaired Claims that are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.  Holders of Interests in Class 4 are not entitled to receive or retain any property under the Plan and, accordingly, Class 4 is conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy

Code. The Plan, therefore, does not comply with section 1129(a)(8) of the Bankruptcy Code with respect to Class 4. Notwithstanding the lack of compliance with section 1129(a)(8) of the Bankruptcy Code in connection with Class 4, the Plan is confirmable because it satisfies section 1129(b) of the Bankruptcy Code with respect to Class 4, as set forth in paragraphs 29-30 below.

19.    <u>Treatment of Claims Entitled to Priority (11 U.S.C. § 1129(a)(9))</u>. The Plan complies with section 1129(a)(9) of the Bankruptcy Code because it provides for treatment of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Non-Tax Claims entitled to priority pursuant to section 507 of the Bankruptcy Code in the manner required by section 1129(a)(9) of the Bankruptcy Code.

20.    <u>Acceptance of the Plan by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>. As set forth in the Vote Certification and the Murray Declaration, Class 3 is an Impaired Class of Claims that has voted to accept the Plan and has accepted the Plan in requisite numbers and amounts without the need to include any acceptance of the Plan by any insider of USEY. Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

21.    <u>Feasibility of the Plan (11 U.S.C. § 1129(a)(11))</u>. The Plan satisfies section 1129(a)(11) of the Bankruptcy Code because Confirmation of the Plan is not likely to be followed by liquidation or need for further financial reorganization of USEY other than the liquidation contemplated by the Plan. The record of the Chapter 11 Case, including the financial information annexed as <u>Exhibits B</u> and <u>C</u> to the Disclosure Statement, supports the conclusion that USEY's existing Cash balance and projected sources of Cash will be sufficient to implement the Plan, fund the wind-down of USEY and the USEY Estate, and make all Distributions contemplated by the Plan. Accordingly, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

22.     Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12)).   In accordance with section 1129(a)(12) of the Bankruptcy Code, USEY has paid, or will pay on or before the Effective Date, all fees payable under 28 U.S.C. § 1930.  USEY shall file quarterly operating reports and pay all fees due and payable under 28 U.S.C. § 1930 until the closing of the Chapter 11 Case.

23.     Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).   The evidence adduced or proffered at the Confirmation Hearing established that USEY is not obligated now, nor will it become obligated in the future, to pay retiree benefits as described in section 1129(a)(13) of the Bankruptcy Code.  Thus, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

24.     Postpetition Domestic Support Obligations and Disposable Income (11 U.S.C. § 1129(a)(14) and (15)).   Sections 1129(a)(14) and (15) of the Bankruptcy Code impose certain requirements on individual chapter 11 debtors.  USEY is a corporation.  Accordingly, sections 1129(a)(14) and (15) of the Bankruptcy Code are not implicated by the Plan.

25.     Transfers of Property by Nonprofit Entities (11 U.S.C. § 1129(a)(16)).   Section 1129(a)(16) of the Bankruptcy Code imposes certain requirements on corporations or trusts that are not a moneyed, business or commercial corporation.  USEY is a moneyed, business or commercial corporation.  Accordingly, section 1129(a)(16) of the Bankruptcy Code is not implicated by the Plan.

26.     Satisfaction of Confirmation Requirements.   For all of the above reasons, the Plan satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code other than subsection (a)(8) with respect to Class 4.

27.     <u>Principal Purpose (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act of 1933 (the "<u>Securities Act</u>"), and no governmental unit has objected to Confirmation of the Plan on any such grounds.  The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

28.     <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based upon the record before the Court, USEY, its agents, its counsel and other advisors have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code.  Therefore, all such parties are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the releases and exculpatory and injunctive provisions set forth in Article IX of the Plan.

29.     <u>Confirmation of the Plan Over Nonacceptance of Impaired Class 4 (11 U.S.C. § 1129(b))</u>.  As described in paragraphs 8 through 26 above, the Plan satisfies all of the applicable requirements of section 1129(a) of the Bankruptcy Code other than subsection (a)(8) with respect to Class 4.  Classes 3 and 4 are separately classified under the Plan and are the only Classes which are Impaired under the Plan.  Class 3 consists of Holders of General Unsecured Claims.  Class 4 consists of Interest Holders.  Because there is a legally acceptable rationale for the difference in treatment between Interests and Claims in Classes 3 and 4 and those in more senior Classes, there is no showing of unfair discrimination against such Classes.  Therefore, the Plan satisfies the provisions of section 1129(b) of the Bankruptcy Code.

30.     The Plan is "fair and equitable" to Class 4 under section 1129(b) of the Bankruptcy Code because it satisfies the fair and equitable test.  The requirements of that test with respect to holders of equity security interests are set forth in section 1129(b)(2)(C) of the Bankruptcy Code.  Section 1129(b)(2)(C) of the Bankruptcy Code specifies two alternative

requirements, only one of which must be satisfied in order for a plan to be fair and equitable with respect to a dissenting class of equity security interest holders. As to Class 4, the Plan satisfies the second paragraph of section 1129(b)(2)(C) of the Bankruptcy Code. The Plan satisfies this requirement because no Class of Interests junior to Class 4 shall receive or retain any property under the Plan.

31. Accordingly, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code, and the Plan shall be confirmed notwithstanding USEY's inability to comply with the requirements of section 1129(a)(8) of the Bankruptcy Code with respect to Class 4.

32. <u>Retention of Causes of Action</u>. Except as otherwise specifically provided in the Plan, this Confirmation Order or in any contract, instrument, release, indenture or other agreement entered into in connection with the Plan, in accordance with section 1123(b) of the Bankruptcy Code, the Plan Administrator as successor of USEY shall retain and may exclusively enforce any Claims, rights and Causes of Action that USEY or the USEY Estate may hold against any Person or Entity. The Plan Administrator as successor to USEY may pursue such retained Claims, rights or Causes of Action, as appropriate, in accordance with the best interests of Creditors.

33. <u>Plan Administrator Agreement</u>. On the Effective Date, the Plan Administrator Agreement by and among USEY and Richard J. Augustine shall be executed and shall become effective and binding in accordance with its terms and conditions upon the parties thereto and as specified in the Plan. The Plan Administrator Agreement was negotiated between USEY and Richard J. Augustine in good faith and at arm's-length. The terms of the Plan Administrator Agreement, together with the payment of fees thereto, are: (a) fair and reasonable, (b) reflect USEY's exercise of prudent business judgment consistent with its fiduciary duties, and (c) are

supported by reasonably equivalent value and fair consideration.  The terms of the Plan Administrator Agreement are in the best interests of USEY, the USEY Estate, Creditors and other parties in interest.

34.    Conditions to Confirmation.  Entry of this Confirmation Order shall satisfy the conditions set forth in section 7.1 of the Plan.

35.    Releases, Exculpation, and Injunction.  Each of the release, exculpation, third party release, and injunction provisions set forth in Article IX of the Plan:  (a) is within the jurisdiction of the Court under 28 U.S.C. § 1334; (b) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) is an integral element of the transactions incorporated into the Plan; (d) confers material benefits on, and is the best interests, of USEY, the USEY Estate, and Holders of Claims and Interest; (e) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties in interest in the Chapter 11 Case with respect to USEY; and (f) is consistent with sections 105, 1123, 1129, and other applicable sections of the Bankruptcy Code.  The record of the Confirmation Hearing and the Chapter 11 Case is sufficient to support the release, exculpation, third party release, and injunction provisions contained in Article IX of the Plan.

36.    Third Party Releases by Holders of General Unsecured Claims.  The releases of Claims and Causes of Action by Holders of Claims described in Section 9.1(b) of the Plan (the "Third Party Releases") are an important aspect of the Plan.  The Third Party Releases provide for the release by Holders of General Unsecured Claims that vote in favor of the Plan or who abstain from voting and choose not to opt out of the Third Party Releases, and are purely consensual.  The Ballots explicitly stated that a vote to accept the Plan or abstention from voting without opting out of the Third Party Releases each constitutes an acceptance and assent to the

Third Party Releases and directed Holders of General Unsecured Claims in the Voting Class to Article IX of the Plan for further information about the release provisions. Thus, those Holders of Claims voting to accept the Plan or abstaining from voting and choosing not to opt out of the Third Party Releases were given due and adequate notice that they would be consenting to the Third Party Releases by acting in such a manner.

37.    <u>Implementation of the Plan</u>.  Pursuant to section 1142(b) of the Bankruptcy Code, no action of the board of directors of USEY or the Interest Holders will be required (a) to authorize USEY (or any of its officers or agents acting on its behalf) or the Plan Administrator to effectuate and carry out the Plan or any of order of this Court relating thereto, (b) to consummate the transactions contemplated by the Plan, the Plan Administrator Agreement or this Confirmation Order, or (c) to take any other action contemplated by the Plan, the Plan Administrator Agreement or this Confirmation Order as may be necessary and appropriate to fully effectuate the interests and purposes thereof, and all such actions hereby are or will be deemed to have been taken or done with like effect as if they have been duly authorized or approved by unanimous actions of USEY's board of directors and/or Interest Holders, as appropriate.

## III. <u>ORDER</u>

### A.    <u>Confirmation of the Plan</u>.

38.    <u>Approval and Confirmation of the Plan</u>.  The Plan, which is annexed hereto as <u>Exhibit A</u> and incorporated herein by reference, shall be, and hereby is, **APPROVED** and **CONFIRMED** in all respects pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan Administrator Agreement are incorporated by reference into and are an integral part of the Plan and shall be, and hereby are, **APPROVED**.

39.     The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall control and take precedence. The provisions of this Confirmation Order are integrated with each other and are non-severable and are mutually dependant.

40.     USEY, the Plan Administrator and all other appropriate parties shall be, and hereby are, authorized and directed to: (a) take all actions necessary or appropriate to enter into, implement and consummate the Plan, the Plan Administrator Agreement and any other contracts, instruments, releases, indentures and other agreements created in connection with the Plan or referred to therein, all of which such other contracts, instruments, releases, indentures and other agreements are hereby approved, (b) to take such other steps to perform such other acts as may be necessary to implement and effectuate the Plan, the Plan Administrator Agreement and such other contracts, instruments, releases, indentures and other agreements, and (c) to execute and deliver any instrument and perform any other act that is necessary for the consummation of the Plan, the Plan Administrator Agreement and such other contracts, instruments, releases, indentures and other agreements, in accordance with section 1142(b) of the Bankruptcy Code, without further application to, or order of this Court, or further action by USEY's officers, USEY's board of directors or Interest Holders, as appropriate, and with the effect that such actions have been taken by unanimous action of such officers, board of directors, or Interest Holders. Without in any way limiting the foregoing, in the event that any Person or Entity that has filed financing statements, mortgages, *lis pendens*, or other documents or agreements

evidencing interests with respect to USEY or its Assets shall not have delivered to USEY on or before the Effective Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, release of all liens, claims or interests that such Holder may have with respect to USEY or its Assets or otherwise, then each of USEY and the Plan Administrator shall be, and hereby is, authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the Person or Entity with respect to the Assets.

41.     Execution by Third Parties.  Each and every federal, state and local governmental agency or department, shall be, and hereby is, directed to accept, and lessors of holders of liens shall be, and hereby are, directed to execute, any and all documents, instruments or amendments necessary and appropriate to consummate the transactions contemplated by the Plan and the Plan Administrator Agreement.

42.     Governmental Approvals Not Required.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, the Plan Administrator Agreement and any other documents, instruments or agreements contained therein, and any amendments or modifications of any of the foregoing.

**B.      Effects of Confirmation.**

43.     Injunctions and Stays Remain in Effect Until the Effective Date.  All injunctions and stays in effect on the date of the entry of this Confirmation Order pursuant to sections 105 and 362 of the Bankruptcy Code or otherwise shall remain in full force and effect through and

including the Effective Date of the Plan, except that nothing herein shall bar the filing of financing documents in connection with the implementation of the Plan or the taking of such other actions are necessary to effectuate the transactions contemplated by the Plan or this Confirmation Order.

44.     <u>No Discharge</u>.  Except as otherwise provided in the Plan or in this Confirmation Order, pursuant to section 1141(d)(3) of the Bankruptcy Code, on and after the Effective Date, Confirmation shall not discharge any of the Claims against USEY; <u>provided</u>, <u>however,</u> that no Claim Holder may on account of such Claim seek to receive any payment or other treatment from, or seek recourse against USEY or the Plan Administrator or their respective property, except as expressly provided in the Plan or in this Confirmation Order

45.     <u>USEY's Injunction</u>.  As provided in section 9.3 of the Plan, on and after the Effective Date, Confirmation shall permanently enjoin the commencement or prosecution by any Person or Entity, directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released or exculpated pursuant to the Plan, including without limitation the Claims and Causes of Action released in sections 9.1 and 9.2 of the Plan

46.     For purposes of clarity, all Disputed Claims shall be determined, resolved or adjudicated in accordance with the terms of Article VI of the Plan.  The foregoing injunction shall extend to the benefit of the successors of USEY (including without limitation the Plan Administrator) and the Entities and Persons entitled to the benefit of the releases and exculpations provided in sections 9.1 and 9.2 of the Plan, and their respective properties and interests in properties.  Any Person or Entity injured by any willful violation of such injunction may recover actual damages, including attorneys' fees and costs, and, in appropriate

circumstances, may recover punitive damages from the willful violator. All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms, or as provided in the Bankruptcy Code.

47.     Exculpation.  As provided in section 9.2 of the Plan, on and after the Effective Date, the Debtor, the Plan Administrator, the D&O Released Parties and each of the foregoing Entities' or Persons' respective members, partners, officers, directors, employees and agents (including any attorneys, accountants, financial advisors, investment bankers and other representatives or professionals retained by such Entities or Persons) (collectively, the "Exculpated Parties"), and the property of each of the foregoing Entities or Persons shall not have and shall not incur liability to any Holder of a Claim or Interest for any action or omission arising out of or in connection with the Debtor's restructuring or the Chapter 11 Case, including without limitation the commencement of the Chapter 11 Case, the negotiation, execution and performance of the Plan, the Disclosure Statement, the solicitation of votes for and the pursuit of Confirmation of the Plan, the Effective Date of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan; provided, however, section 9.2 of the Plan and this Confirmation Order shall have no effect on the liability of any of the Exculpated Parties for gross negligence, willful misconduct, fraud or criminal conduct as determined by a Final Order (collectively, the "Exculpated Acts").  The Exculpated Parties by section 9.2 of the Plan and this Confirmation Order shall be, and hereby are, entitled to rely upon the advice of counsel with respect to their duties and responsibilities under and in connection with the Plan.

48.     As provided in section 9.2 of the Plan, the Plan Administrator shall, on and after the Effective Date, indemnify, hold harmless and reimburse (on an as-incurred basis) each of the

Exculpated Parties and the property of each of the Exculpated Parties, from, against and for any and all losses, claims, damages, liabilities, costs and/or expenses (collectively, the "Damages") arising from, related to or that are in any manner connected with any Exculpated Act, including without limitation, any Damages arising or resulting from or that are in any manner connected with (i) any cause of action, suit, investigation or any other proceeding and (ii) the defense of any Exculpated Person (or the involvement or participation of any Exculpated Person) in any cause of action, suit, investigation or any other proceeding.

49.     Indemnification.   As provided in section 5.11 of the Plan, on and after the Effective Date, the obligations of USEY to indemnify any Person serving at any time on or prior to the Effective Date as one of its directors, officers or employees by reason of such Person's service in such capacity, or as a director, an officer, a partner, a trustee, an employee or an agent of USEY to the extent provided in USEY's constituent documents, by a written agreement with USEY or applicable state law, each as applicable, shall be deemed and treated as executory contracts that are assumed by USEY pursuant to the Plan and section 365 of the Bankruptcy Code as of the Effective Date.   Accordingly, such indemnification obligations shall survive unimpaired and unaffected by this Confirmation Order, irrespective of whether such indemnification is owed for an act or an event occurring before or after the Petition Date, except if such claim or liability is determined by a Final Order to have resulted from gross negligence, willful misconduct, fraud or criminal conduct of such indemnified Person.

50.     Release by USEY and the Plan Administrator as Successor to USEY.   As provided in section 9.1(a) of the Plan, except as otherwise provided in the Plan or this Confirmation Order, on and after the Effective Date, for good and valuable consideration including but not limited to the service of the D&O Released Parties in facilitating the

reorganization of the Debtor, each of the Debtor and the Plan Administrator as the successor to the Debtor under the Plan thereby irrevocably and absolutely releases all D&O Released Parties from any and all Claims and Causes of Actions that the Debtor or the Plan Administrator would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity or Person, based in whole or in part upon any act of omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date arising out of or in any way related to the Debtor, the Plan Administrator or the Chapter 11 Case; provided, however, that there shall be no such release on account of Claims or liabilities in respect of any contractual obligation owed by such Entity or Person to the Debtor or the Plan Administrator; provided, further, that section 9.1(a) of the Plan and this Confirmation Order shall have no effect on the liability of any of the D&O Released Parties for gross negligence, willful misconduct, fraud or criminal conduct as determined by a Final Order.

51.     Releases by Holders of Claims.    As provided in section 9.1(b) of the Plan, pursuant to section 1123(b) of the Bankruptcy Code, except as otherwise provided in the Plan or this Confirmation Order, on and after the Effective Date, in exchange for their Distributions, each Holder of a Class 3 General Unsecured Claim who (i) has voted to accept the Plan or abstained from voting and (ii) has not opted out from the release provided therein shall be deemed to have released irrevocably and absolutely each of the D&O Released Parties from any and all claims or causes of action based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date arising out of or in any way related to the Debtor, the Plan Administrator or the Chapter 11 Case; provided, however, that section 9.1(b) of the Plan and this Confirmation Order shall have no effect on the

liability of the D&O Released Parties for gross negligence, willful misconduct, fraud or criminal conduct as determined by a Final Order.

52.     <u>Section 1146 Exemption</u>.   As provided in section 11.8 of the Plan, as of the Effective Date, pursuant to section 1146(a) of the Bankruptcy Code, the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale or assignments executed in connection with any disposition of the Assets contemplated by the Plan (including real and personal property) shall not be subject to any stamp, real estate transfer, mortgage recording sales, use or similar tax to the fullest extent provided in section 1146(a).

53.     **<u>Administrative Claims Bar Date</u>.**   Except as otherwise provided in Article III of the Plan, unless a request for the payment of an Administrative Claim previously was filed with the Court, requests for payment of an Administrative Claim must be filed with the Court and served on the Plan Administrator and counsel to the Plan Administrator, pursuant to the procedures specified in this Confirmation Order, the Plan and the Notice of Effective Date (defined below), **<u>no later than 45 calendar days after notice of the Effective Date</u>.**   Any Holder of an Administrative Claim that is required to file and serve a request for payment of such Administrative Claim and that does not file and serve such a request for payment of such Administrative Claim within the time established by Article III of the Plan shall be forever barred, estopped and enjoined from asserting such Administrative Claim, participating in distributions under the Plan on account thereof and such Administrative Claim shall be deemed discharged as of the Effective Date.   Objections to such timely requests for payment of an Administrative Claim must be filed with the Court and served on USEY or the Plan

Administrator, as applicable, and the requesting party by the later of 70 calendar days after the Effective Date.

54.     <u>Operations as of the Effective Date</u>.  As of the Effective Date, unless otherwise provided in the Plan or this Confirmation Order, USEY or the Plan Administrator, as applicable, may operate its business and may use, acquire and dispose of property and settle and compromise Claims and Causes of Action without supervision or approval of the Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and all in respects as if there were no pending case under any chapter or provision of the Bankruptcy Code.

55.     <u>Plan Classification Controlling</u>.  The classification of Claims and Interests for purposes of the Distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classifications and amounts of Claims, if any, set forth on the Ballots returned by Holders of Claims in Class 3 in connection with voting on the Plan:  (i) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (ii) do not necessarily represent, and in no event, shall be deemed to modify or otherwise affect the actual amount or classification of such Claims under the Plan for distribution purposes; and (iii) shall not be binding on USEY or the Plan Administrator.

56.     <u>Setoffs and Recoupments</u>.  As provided in section 6.13 of the Plan, on and after the Effective Date, USEY or the Plan Administrator, as the case may be, may, to extent permitted under applicable law, setoff or recoup against any Allowed Claim and the Distribution on account of such Allowed Claim (before any Distribution is made on account of such Claim), the Claims, rights and Causes of Action of any nature that USEY or the Plan Administrator may hold against the Holder of such Allowed Claim; <u>provided</u> <u>however</u>, that neither the failure to effect a setoff or recoupment nor the allowance of any Claim under the Plan shall constitute a

waiver or a release by USEY or the Plan Administrator of any such claims, rights and Causes of Action that USEY or the Plan Administrator may possess against such Holder.

57. <u>Binding Effect</u>. The provisions of this Confirmation Order shall be, and hereby are, binding on all Debtors, all Claim Holders and Interest Holders (whether or not Impaired under the Plan and whether or not, if Impaired, they accepted the Plan), and any other party in interest, any other party making an appearance in the Debtors' chapter 11 cases, and any other Person or Entity affected thereby, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar Persons and Entities.

58. <u>Notice of Entry of the Confirmation Order</u>. Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), USEY (or its agents) shall be, and hereby is, directed to file and serve a notice of entry of this Confirmation Order in substantially the form annexed hereto as <u>Exhibit B</u> (the "<u>Confirmation Notice</u>") on all Holders of Claims as of the Voting Record Date, the United States Trustee for the Southern District of New York, all parties that appear on USEY's creditors matrix, and all parties that filed notices of appearances or requests for notices pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases no later than five (5) Business Days after the entry of this Confirmation Order on the Court's docket by United States Postal Service, First-Class mail, postage prepaid. The Confirmation Notice shall also be posted electronically at http://chapter11.epiqsystems.com/ues. Such notice is adequate under the particular circumstances of the Chapter 11 Case and no other or further notice is necessary.

59. <u>Notice of Effective Date</u>. USEY (or its agents) shall be, and hereby is, directed to file and serve a notice of the Effective Date in substantially the form annexed hereto as <u>Exhibit C</u> (the "<u>Notice of Effective Date</u>") on all Holders of Claims as of the Voting Record Date, the

United States Trustee for the Southern District of New York, all parties that appear on USEY's creditor matrix, and all parties that filed notices of appearances or requests for notices pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases by causing the Notice of Effective Date to be mailed to such parties by United States Postal Service, First-Class mail, postage prepaid, within five (5) Business Days after the Effective Date. The Notice of the Effective Date shall also be posted electronically at http://chapter11.epiqsystems.com/ues. Such notice is adequate under the particular circumstances of the Chapter 11 Case and no other or further notice is necessary. The Notice of Effective Date shall also serve as the notice setting forth the Administrative Claims Bar Date. Such notice of the Administrative Claims Bar Date is adequate under the particular circumstances of the Chapter 11 Case and no other or further notice is necessary.

60. <u>Abandonment of Records</u>. On and after the Effective Date, without further application to the Court or notice to any party, pursuant to section 544(a) of the Bankruptcy Code, the Plan Administrator shall be, and hereby is, authorized, from time to time, to abandon or otherwise destroy documents and records (whether in electronic or paper format), that he determines, in his reasonable business judgment, are no longer necessary to the administration of the Chapter 11 Case and the liquidation of the USEY Estate. USEY shall be, and hereby is, permitted to abandon or otherwise destroy such documents and records notwithstanding any federal, state or local law or requirement requiring the retention of applicable documents and records.

**C.** **<u>Miscellaneous</u>.**

61. <u>Modifications to Plan</u>. Upon entry of this Confirmation Order, USEY or the Plan Administrator, as the case may be, may, with further order of this Court, but subject to the requirements of section 1127 of the Bankruptcy Code and the applicable Bankruptcy Rules,

amend or modify the Plan or Plan Administrator Agreement, in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan or the Plan Administrator Agreement in such manner as may be necessary to effectuate the purpose and intent of the Plan.

62.     <u>Finality of Confirmation Order</u>.  This Confirmation Order is a final order and the period in which a notice of appeal must be filed shall commence upon the entry of this Confirmation Order on the docket of the Chapter 11 Case.

63.     <u>Effectiveness of Confirmation Order</u>.  This Confirmation Order shall be effective upon the date of its entry on the docket of the Chapter 11 Case, and the requirement that this Confirmation Order be stayed for a period of fourteen (14) days under Bankruptcy Rule 3020(e) shall not apply.

64.     <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to USEY's or the Plan Administrator's, as the case may be, receipt of written notice of any such order.  Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan and any related documents or any amendments or modifications thereto.

65.     <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and the Plan

Administrator Agreement and any amendments or modifications thereto, duly made in accordance with the terms hereof, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

66.    <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters, arising out of, and related, to the Chapter 11 Case and the Plan to the fullest extent permitted by law and shall also have exclusive jurisdiction over the matters set forth in Article X of the Plan.

Dated:  White Plans, New York
        October 12, 2010

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE
